IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
RANDAL R. LEONARD, BAR NO. 6716.

No. 84705

FILED

AUG 04 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

*ORDER REJECTING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea in exchange for a stated form of discipline for attorney Randal R. Leonard. Under this agreement, Leonard admitted to violating RPC 1.3 (diligence), RPC 1.4 (communication), and RPC 3.2 (expediting litigation). The agreement provides for a six-month suspension and payment of $2,500 in fees plus the actual costs of the disciplinary proceedings.

Leonard has admitted to the facts supporting the violations. The record therefore establishes that Leonard failed to diligently pursue a client's bankruptcy case until after the client filed a grievance against him. This occurred while Leonard was on probation in a prior discipline matter.[1]

---

[1]This court previously imposed a six-month-and-one-day suspension but stayed the last day of that suspension for two years provided that Leonard successfully completed two years' probation which required him, in pertinent part, to "remain free from any professional conduct violations during [the] probationary period." *In re Discipline of Leonard*, No. 78632, 2019 WL 4391208 (Nev. Sept. 12, 2019) (Order Approving Conditional Guilty Plea Agreement).

22- 24417

The record therefore also establishes that Leonard violated the terms of his stayed suspension in Docket No. 78632.[2]

In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). In this case, Leonard knowingly violated duties owed to his clients by failing to timely file necessary documents in a bankruptcy case and failing to adequately communicate with his clients about the status of their case. He also knowingly violated duties owed to the profession by violating the terms of his stayed suspension. Leonard's misconduct caused injury to both his clients and the integrity of the profession.

The baseline sanction for the misconduct at issue, before considering aggravating and mitigating circumstances, is suspension. *See* Standards for Imposing Lawyer Standards, *Compendium of Professional Responsibility Rules and Standards*, Standard 7.2 (Am. Bar Ass'n 2017) ("Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system."); *see also id.* at Standard 8.2 ("Suspension is generally appropriate when a lawyer has been reprimanded for the same or similar misconduct and engages in further similar acts of misconduct that causes injury or potential injury to

---

[2]As part of the terms of the instant conditional guilty plea agreement, Leonard agreed to admit to breaching the probationary terms in Docket No. 78632 and stipulated to waive the notice and procedural requirements of a separate breach hearing. Leonard also stipulated that the breach would be consolidated for resolution with the instant matter.

a client, the public, the legal system, or the profession."). Turning to the aggravating and mitigating circumstances, we conclude that the agreed-upon discipline gives insufficient consideration to the aggravating circumstances. As to the three agreed-upon aggravating circumstances (prior disciplinary offenses, a pattern of misconduct, and substantial experience in the law), Leonard's prior disciplinary history involved misconduct similar to that admitted here—most notably his failure to file necessary documents with a court—and the current admitted misconduct occurred while he was on probation for his previous misconduct. For these reasons, we are not convinced that the agreed-upon discipline is sufficient to serve the purpose of attorney discipline—to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988). Thus, we reject the conditional guilty plea agreement and remand this matter for further proceedings. *See* SCR 113(1) ("The tendered [conditional guilty] plea is subject to final approval or rejection by the supreme court if the stated form of discipline includes disbarment or a suspension.").

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Pickering

_____, J.
Herndon

SUPREME COURT
OF
NEVADA

(O) 1947A

3

cc: Chair, Southern Nevada Disciplinary Board
Bar Counsel, State Bar of Nevada
Michael J. Warhola, LLC
Kimberly K. Farmer, Executive Director, State Bar of Nevada